1   Marc J Randazza, CA Bar No. 269535
    D. Gill Sperlein, CA Bar No. 172887
2   Alex J. Shepard, CA Bar No. 295058
    RANDAZZA LEGAL GROUP, PLLC
3   4035 S. El Capitan Way
    Las Vegas, NV  89147
4   Telephone: 702-420-2001
    Facsimile: 305-437-7662
5   ecf@randazza.com

6   Attorney for Plaintiff,
    Consumer Opinion Corp, LLC

7

8              **IN THE UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**

9   CONSUMER OPINION LLC, a Nevada          Case No.
10  limited liability company,

11              Plaintiff,                   **COMPLAINT FOR:**

            v.
12                                          1) **UNLAWFUL, UNFAIR, AND**
    ZCS, Inc., a California corporation;       **FRAUDULENT BUSINESS PRACTICE**
13  HAIR SOLUTIONS, INC., a California        **UNDER CALIFORNIA BUSINESS**
       corporation;                           **AND PROFESSIONS CODE**
14  ATLANTIC COAST MEDIA, LLC, a New          **§ 17200;**
       Jersey limited liability company;
15  ADN, LLC, an entity of unknown origin;  2) **CIVIL CONSPIRACY; and**
    DAN NEWLIN, an individual;
16  REPDEFENSE SOLUTIONS, INC.,             3) **ABUSE OF PROCESS.**
       a California corporation;
17  REPUTATIONDEFENDER, a Delaware          **DEMAND FOR JURY TRIAL**
       corporation;
18  MAJESTIC VACATIONS, LLC, an entity of
       unknown origin;
19  BLUEGREEN CORPORATION, a Florida
       corporation;
20  A&D INTERNATIONAL, LLC, a California
       limited liability company;
21  AGORA FINANCIAL, LLC, a Maryland
       limited liability company;
22  COLLINS MATTOS, an individual;
    JOHN RADONICH, an individual;
23  NICHOLAS MOREAN, an individual;
    DEMOIN STROMAN III, an individual;
24  ANGELICA LEBRON, an individual;
    TARRA MARTIN, an individual;
25  MARK W. LAPHAM, ESQ., an individual;
    OWEN T. MASCOTT, ESQ., an individual;
26  and DOE CORPORATIONS,

27              Defendants.

- 1 -

COMPLAINT

**INTRODUCTION**

1.    This case involves a creative solution to a common frustration for many businesses, who do not like negative reviews that are published about them on the Internet.   However, removing consumer reviews from the Internet is a difficult process given that they are protected by the First Amendment.

2.    Nevada Corporate Headquarters, has gone to great lengths to attempt to suppress consumer reviews in the past.   It has filed at least one SLAPP[1] suit in Nevada seeking injunctive relief to censor those negative reviews.   In that case, Nevada Corporate Headquarters suffered a resounding loss when they were hit with an anti-SLAPP order.   (*See* Referee's Findings of Fact, *Nevada Corporate Headquarters, Inc. v. Opinion Corp.*, Justice Court, Las Vegas Township, Case No. 13-A-003332 (Jan. 22, 2014), attached hereto as **Exhibit 1**.) They also lost at summary judgment in a SLAPP-back suit.   That action resulted in a significant judgment for attorney fees and costs.   (*See* Order, *Opinion Corp. v. Nevada Corporate Headquarters, Inc.*, Eighth Judicial District Court for Clark County, Nevada, Case No. A-14-698267-C (December 11, 2014), attached hereto as **Exhibit 2**.)

3.    Undaunted by these set-backs, Nevada Corporate Headquarters has now conspired with other companies and individuals to create a scam whereby they suppress negative reviews from the Internet, while evading any First Amendment or due process considerations.   This scam also allows them to avoid the risk of another anti-SLAPP attorney fee award.

. . .

. . .

. . .

---

[1]    SLAPP is an acronym for Strategic Litigation Against Public Participation and refers to lawsuits designed specifically to quell speech.

COMPLAINT

4.      Several other businesses and professionals who have been the subject of negative reviews online have also employed the same fraudulent machinery as Nevada Corporate Headquarters, as a means of removing this content while evading detection and liability.

5.      The scam is not all that complicated. Google will remove search engine results from its well-known search engine if it is provided with a court order determining that the information is indeed defamatory.

6.      However, when Nevada Corporate Headquarters sued consumer review websites in the past, it was severely disappointed.  (*See* **Exhibits 1 & 2**.) Therefore, they needed to concoct a new censorship scam.  So they used a stooge plaintiff, ZCS Inc. ("ZCS"), to sue a stooge defendant, Collins Mattos ("Mattos").

7.      Defendant Doe Corporations, so called "reputation management companies," conceived and organized the scam as an alternative way to remove negative posts in lieu of undergoing an adversarial proceeding.  Several other businesses and professionals have contacted these "reputation management companies," which have used similar schemes to remove negative consumer reviews about them.

8.      The other conspirators engaged attorneys Mark W. Lapham ("Lapham") and Owen T. Mascott ("Mascott") to file sham lawsuits either by the subjects of the negative reviews or by corporations that had no interest in the allegedly defamatory statements, against a defendant who most certainly was not the party that published the allegedly defamatory statements, and the parties immediately stipulated to a judgment of injunctive relief, so the conspirators could provide the order to Google and other search engines, thus achieving the goal of deindexing all pages containing negative reviews.

COMPLAINT

9.     At first blush, Defendants' scam appears rather brilliant but incredibly unethical.  Now that Plaintiff has uncovered and exposed Defendants' unlawful deeds, Consumer Opinion LLC respectfully requests that this Court discipline them for those misdeeds.

**PARTIES**

10.    Plaintiff Consumer Opinion LLC is a Nevada limited liability company with its principal place of business in Nevada.

11.    There are four categories of Defendants in this scheme: (1) the entities that file and/or benefit from the suit (the "Filing Defendants"); (2) the attorneys who knowingly and unethically file and prosecute these fraudulent lawsuits (the "Attorney Defendants"); (3) the "defendants" in these fake lawsuits who falsely claim to be the authors of allegedly defamatory statements (the "Stooge Defendants"); and (4) the "reputation management companies" that devised and carried out these schemes (the "RMC Defendants").

**The Filing Defendants**

12.    Defendant ZCS, Inc. is a California business organized under the laws of the State of California.  In its complaint against Collins Mattos, ZCS, Inc. claimed to be a California company.  Records obtained from the California Secretary of State website indicate that ZCS, Inc.'s business registration has been suspended for failure to meet filing requirements of the California Franchise Tax Board.  ZCS, Inc. stood in place of Nevada Corporate Headquarters in the fake lawsuit against Collins Mattos, most likely to avoid detection of the scheme.

13.    Defendant Hair Solutions is a California business organized under the laws of California, and is the plaintiff in the fraudulent lawsuit against Defendant John Radonich.   Hair Solutions stood in place of Defendant Atlantic Coast

Media, LLC in the fake lawsuit against Defendant John Radonich, most likely to avoid detection of the scheme.

14.     Defendant Atlantic Coast Media, LLC is a New Jersey business and is the owner of the registered trademark KERANIQUE and, on information and belief, is the operator of the web site <keranique.com>, the actual subject of the review at issue in the fake lawsuit against Defendant John Radonich.

15.     Defendant ADN, LLC is an entity of unknown origin that claims to be located in California.  In its complaint against Nicholas Morean, ADN asserts that it is a California business, but the California Secretary of State web site does not contain any record of ADN.  ADN stood in place of Defendant Dan Newlin, most likely to avoid detection of the scheme.

16.     Defendant Dan Newlin is an attorney residing and doing business in Orlando, Florida, and is the beneficiary of the fake lawsuit against Defendant Nicholas Morean.

17.     Defendant RepDefense Solutions, Inc. is a California business and the plaintiff in the fake lawsuit against Defendant Demoin Stroman III.  RepDefense stood in place of Defendant ReputationDefender, LLC, the actual subject of the review at issue in that case, most likely to avoid detection of the scheme.

18.     Defendant ReputationDefender is a Delaware business operating in California, and is the entity benefited by the fake lawsuit against Demoin Stroman III.

19.     Defendant Majestic Vacations, LLC is an entity of unknown origin and is the plaintiff in the fake lawsuit against Defendant Angelica Lebron.  In the complaint against Angelica Lebron, Majestic Vacations claims to be a California entity, but the California Secretary of State web site does not display any record

COMPLAINT

RANDAZZA | LEGAL GROUP

of such entity.[2]   Majestic Vacations stood in place of Defendant Bluegreen Corporation, the actual subject of the review at issue in that case, most likely to avoid detection of the scheme.

20.    Defendant Bluegreen Corporation is a Florida business and the owner of Bluegreen Resorts, the subject of the review in question in the fake lawsuit against Angelica Lebron.

21.    Defendant A&D International, LLC is a defunct California business and is the plaintiff in the fake lawsuit against Defendant Tarra Martin.  A&D stood in the place of Defendant Agora Financial, LLC, the actual subject of the review at issue in that case, most likely to avoid detection of the scheme.

22.    Defendant Agora Financial, LLC is a Maryland business and is the actual subject of the review in question in the fake lawsuit against Defendant Tarra Martin.

### The Stooge Defendants

23.    Plaintiff is informed and believes and based thereon alleges that Defendant Collins Mattos is an individual who resides in Contra Costa County, California.

24.    Plaintiff is informed and believes and based thereon alleges that Defendant John Radonich is an individual who resides in Contra Costa County, California.

25.    Plaintiff is informed and believes and based thereon alleges that Defendant Nicholas Morean is an individual who resides in Contra Costa County, California.

---

[2]   There is a record for a company called Majestic Vacations, Inc., but that is not the subject of the review in the lawsuit and Plaintiff will not assume that Defendant Majestic Vacations misspelled its own name.

COMPLAINT

26. Plaintiff is informed and believes and based thereon alleges that Defendant Demoin Stroman III is an individual who resides in Sacramento County, California.

27. Plaintiff is informed and believes and based thereon alleges that Defendant Angelica Lebron is an individual who resides in California.

28. Plaintiff is informed and believes and based thereon alleges that Defendant Tarra Martin is an individual who resides in Alameda County, California.

### The Attorney Defendants

29. Defendant Mark W. Lapham is an attorney licensed to practice in California with the state bar number 146352.  Mr. Lapham maintains a law practice in Danville, California.

30. Defendant Owen T. Mascott, is an attorney licensed to practice in California with the state bar number 134243.  Mr. Mascott maintains a law practice in Palm Desert, California.

### The RMC Defendants

31. Plaintiff is informed and believes and based thereon alleges that RMC Defendants are "reputation management companies" that orchestrated these schemes of fake litigation to remove consumer reviews.  Plaintiff is unaware of the true identity of RMC Defendants and therefore currently identifies these defendant using the fictitious name Doe Corporations until such time as Plaintiff may discover the true names of the Defendants.  Upon learning the identity of Doe Corporations, Plaintiff shall seek leave to amend the Complaint in order to name the Defendants using their true names.

### <u>JURISDICTION</u>

32. This Court has original jurisdiction over this action based on diversity pursuant to 28 U.S.C. § 1332, as Plaintiff is a resident of Las Vegas Nevada, and

1  Defendants, on information and belief, are citizens and residents of the States of

2  California, Florida, Delaware, Maryland, and/or New Jersey, and the amount in

3  controversy exceeds $75,000.

4  **VENUE**

5  33.    Defendants ZCS, Inc., Hair Solutions, ADN LLC, Repdefense

6  Solutions, Inc., Majestic Vacations, LLC, A&D International, LLC, Collins Mattos,

7  John Radonich, Nicholas Morean, Demoin Stroman III, Angelica Lebron, Tarra

8  Martin, Mark W. Lapham, Esq., and Owen T. Mascott, Esq. are residents of the state

9  of California and Collins Mattos, John Radonich, Nicholas Morean, Angelica

10  Lebron, Tarra Martin, and Mark W. Lapham are residents of this jurisdiction.

11  Plaintiff is informed and believes and based thereon alleges that Defendant Doe

12  Corporations are residents of the State of California.  Defendants Atlantic Coast

13  Media LLC, Dan Newlin, Reputationdefender, Bluegreen Corporation, and Agora

14  Financial, LLC committed the acts complained of in this Complaint directed to

15  the State of California, specifically Contra Costa County.  Accordingly, venue is

16  proper pursuant to 28 U.S.C. § 1391(b)(1).

17  **INTRADISTRICT ASSIGNMENT**

18  34.    This action arose in Contra Costa County in that the Defendants filed

19  the abusive complaints in Contra Costa County Superior Court.  Accordingly,

20  pursuant to Local Rules of Court 3-2(c) and (d), the Clerk shall assign the action

21  to the San Francisco or Oakland division.

22  **FACTS SUPPORTING CLAIMS**

23  35.    Consumer Opinion LLC operates a website residing at the uniform

24  resource locator ("URL") <pissedconsumer.com>.

25  36.    <pissedconsumer.com> is a consumer review website where

26  individuals can share information about their experiences with businesses

27  providing goods and services, thereby allowing consumers to make better

COMPLAINT

choices between competing products and giving consumers an empowering and unbiased view of companies and products.

37.   The First Amendment and various state anti-SLAPP statutes protect the right to publish opinions and true statements of fact.  Therefore, aside from improving their business standards, there is little a company can do to prevent individuals from publishing negative opinions or true facts about them.

38.   Moreover, under 47 U.S.C. § 230, providers of interactive computer services like <pissedconsumer.com> cannot be held liable for defamatory statements individuals post by and through their interactive services.

39.   Understanding the difficulties of removing reviews consisting of negative opinions or statements of true fact, Defendants conspired to misuse California's legal system to hide the unflattering statements from the consuming public by having popular search engines such as Google to deindex the webpages containing the comments.

40.   RMC Defendants are "reputation management companies" that offer services to help individuals rehabilitate their on-line image. The Filing Defendants engaged RMC Defendants to achieve their goal of minimizing the impact of negative reviews on pissedconsumer.com.

41.   RMC Defendants first identified individuals or entities willing to stand in the place of the professionals or businesses that were the actual subject of negative reviews on <pissedconsumer.com>.  At this time Plaintiffs do not know if the nominal plaintiffs in the fake lawsuits had pre-existing relationships with the benefited parties of these lawsuits, or if they were simply engaged for the limited purpose of serving as the sham plaintiffs in the fake lawsuits.  The conspirators likely understood that if the benefited parties brought the action in their own name, the scam was more likely to be discovered.

COMPLAINT

42.   Next, RMC Defendants and Filing Defendants sought out someone willing to take responsibility for posting one or more of the allegedly defamatory comments.  They found these individuals in the Stooge Defendants.

43.   It is unclear whether Stooge Defendants were actually responsible for posting *any* of the allegedly defamatory statements at issue in any given fake lawsuit.  However, it is clear that they were not responsible for posting all of the reviews on <pissedconsumer.com> and comments posted in response to the reviews.  Nonetheless, in each case the conspirators successfully used the scheme to obtain an injunction ordering all of those reviews deindexed, which was precisely their goal.

44.   It is also not clear what RMC Defendants and Filing Defendants offered the Stooge Defendants to secure their cooperation in their scheme to remove First Amendment protected reviews from pissedconsumer.com.

45.   Of course, the conspirators required a cooperating attorney willing to file a bogus lawsuit on their behalf.  Accordingly, they invited attorneys Mark W. Lapham, Esq. and Owen T. Mascott, Esq. to join the conspiracy. They accepted.

46.   Like most review websites, the profitability of pissedconsumer.com is directly tied to the amount of traffic the website receives.  Also, like most websites, individuals usually locate the website through the use of search engines such as Google, Yahoo!, and Bing.

47.   Many consumers considering the purchase of goods or services will search for information about a company prior to purchasing good or services by entering the name of the provider into a search engine.  By causing the pages to be deindex, Defendants deprived consumers of information posted about the businesses and professionals benefited by these fake lawsuits, and thereby

undermined the value of the <pissedconsumer.com> website to the consuming public.

48.      Defendants' actions caused further long term damage to pissedconsumer.com by limiting the usefulness of the website to obtain information about individuals and companies providing goods and services to the consuming public.

**The Mattos Case**

49.      ZCS, Inc. filed a bogus complaint against Collins Mattos in California Superior Court for Contra Costa County, claiming that Mattos had posted defamatory statements about ZCS, Inc./Nevada Corporate Headquarters on a consumer gripe website operated by Plaintiff Consumer Opinion LLC. (*See* Complaint in *ZCS, Inc. v. Mattos*, Case No. C16-00425 (hereinafter referred to as the "Mattos Case"), attached hereto as **Exhibit 3**.)

50.      In reality, the statements at issue concerned only Nevada Corporate Headquarters.

51.      Based on Nevada Corporate Headquarters' unsuccessful attempts to remove reviews from Plaintiff's website in the past, Defendants understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, Nevada Corporate Headquarters conspired with ZCS and Collins Mattos to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction.  According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about Nevada Corporate Headquarters.

. . .

. . .

COMPLAINT

52. Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of ZCS, Collins Mattos, and Mark W. Lapham to bring the plan to fruition.

53. Defendant ZCS, Inc. is an inactive California Corporation. Plaintiffs are aware of no business operations of the company, other than standing in the place of Nevada Corporate Headquarters in the underlying litigation. Nevada Corporate Headquarters provides consulting services to businesses, including providing information and offering assistance with incorporating businesses.

54. Since September 2010, four individuals have posted complaints about Nevada Corporate Headquarters on pissedconsumer.com. Additionally, twenty-nine comments have been posted in response to those four complaints. The vast majority of the comments have been negative.

55. Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Mattos, Mr. Lapham filed a complaint on behalf of ZCS, Inc. against Collins Mattos for defamation. (*See* **Exhibit 3**.)

56. In the underlying action the conspirators sought *only* injunctive relief. Specifically, the complaint requested an injunction that Collins be "prohibited from creating statements about Plaintiff or its officers, managers, employees, business partners, agents, servants, attorneys, representatives, products, goods or services, which defame, disparage, or contain libelous statements about Plaintiff," and that Mr. Collins be "ordered to take all action, including but not limited to, requesting removal from the internet search engines including Google, Yahoo!, and Bing, of all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendant has posted on the Internet."

57.    Curiously, the prayer for relief did not request an order directing Mr. Collins, to take all action to remove or request removal of the statements from <pissedconsumer.com>.  The conspirators did not want to bring the scheme to the attention of anyone who would shine light on their unlawful actions.

58.    Mr. Lapham filed the Complaint on March 2, 2016.

59.    The next day, March 3, 2016, Mr. Lapham filed a Stipulation for Final Judgment and Permanent Injunction with the Superior Court.   A true and complete copy of that Stipulation is attached hereto as **Exhibit 4**.

60.    Having obtained a stipulated injunction from the Court, the conspirators then approached various search engines including, on information and belief, Google, Yahoo!, and Bing and requested that those search engines deindex the pages of <pissedconsumer.com>.  Instead of limiting the deindexing to the pages that contained statements Mr. Collins claimed to have posted, the request to deindex included all web pages with entries about Nevada Corporate Headquarters.

61.    By engaging in this scheme, Defendant Conspirators obtained a court order under false pretenses and used the court order to persuade popular search engines to deindex every statement about Nevada Corporate Headquarters, including the First Amendment protected statements of opinion and true fact posted by other individuals who were not a party to the underlying action.

**The Radonich Case**

62.    Hair Solutions filed a bogus complaint against John Radonich in California Superior Court for Contra Costa County, claiming that Radonich had posted defamatory statements about Hair Solutions/Atlantic Coast Media LLC on a consumer gripe website operated by Plaintiff Consumer Opinion LLC.

(*See* case file in *Hair Solutions, Inc. v. Radonich*, Case No. C16-00011 (hereinafter referred to as the "Radonich Case"), attached hereto as **Exhibit 5**.)

63.    In reality, the statements at issue regarded only Keranique, a web site and trademark owned and operated by Atlantic Coast Media.

64.    Hair Solutions and Atlantic Coast Media understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, Atlantic Coast Media conspired with Hair Solutions and Radonich to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction.  According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about Atlantic Coast Media.

65.    Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of Hair Solutions, Radonich, and Owen T. Mascott to bring the plan to fruition.

66.    Since September 2010, 865 individuals have posted complaints about Keranique on <pissedconsumer.com>.  Additionally, numerous comments have been posted by third parties in response to those complaints.  The majority of the comments have been negative.

67.    Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Radonich, Mr. Mascott filed a complaint on behalf of Hair Solutions against Radonich for defamation.  (*See* **Exhibit 5**.)

68.    In the underlying action the conspirators sought *only* injunctive relief. Specifically, the complaint requested an injunction that Radonich be "ordered to

take all action, including but not limited to, requesting removal from the Internet search engines including Google, Yahoo!, and Bing of all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendant has posted on the Internet." (**Exhibit 5**.)

69.    Mr. Mascott filed the Complaint on January 7, 2016.

70.    Shortly thereafter, on January 13, 2016, Mr. Mascott filed a Stipulation for Final Judgment and Permanent Injunction with the Superior Court, containing a jurat from Radonich dated January 9, 2016. (*See* **Exhibit 5**.)

71.    Having obtained a stipulated injunction from the Court, the conspirators then approached various search engines including, on information and belief, Google, Yahoo!, and Bing and requested that those search engines deindex the pages of <pissedconsumer.com.>  Instead of limiting the deindexing to the pages that contained statements Radonich claimed to have posted, the request to deindex included all web pages with entries about Keranique.

72.    By engaging in this scheme, Defendant Conspirators obtained a court order under false pretenses and used the court order to persuade popular search engines to deindex every statement about Keranique, including the First Amendment protected statements of opinion and true fact posted by other individuals who were not a party to the underlying action.

**The Morean Case**

73.    ADN, LLC filed a bogus complaint against Nicholas Morean in California Superior Court for Contra Costa County, claiming that Morean had posted defamatory statements about ADN/Attorney Dan Newlin[3] on a consumer gripe website operated by Plaintiff Consumer Opinion LLC.   (*See* case file in

---

[3]    ADN appears to be a non-existent entity used solely for the purpose of initiating the Morean Case.  In fact, "ADN" appears to an initialism for "Attorney Dan Newlin," making the fraudulent purpose of Defendant ADN even more apparent.

*ADN, LLC v. Morean*, Case No. C16-00119 (hereinafter referred to as the "Morean Case"), attached hereto as **Exhibit 6**.)

74.    In reality, the statements at issue regarded only Dan Newlin, an attorney located in Orlando, Florida.

75.    ADN and Newlin understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, Newlin conspired with ADN and Morean to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction. According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about Newlin.

76.    Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of ADN, Morean, and Owen T. Mascott to bring the plan to fruition.

77.    Since November 2014, 59 individuals have posted complaints about Newlin on pissedconsumer.com.  Additionally, numerous comments have been posted in response to those complaints.

78.    Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Morean, Mr. Mascott filed a complaint on behalf of ADN against Morean for defamation.  (*See* **Exhibit 6**.)

79.    In the underlying action the conspirators sought *only* injunctive relief. Specifically, the complaint requested an injunction that Morean be "ordered to take all action, including but not limited to, requesting removal from the Internet search engines including Google, Yahoo!, and Bing of all defamatory,

1    disparaging, libelous, and false statements about Plaintiff that Defendant has

2    posted on the Internet." (**Exhibit 6**.)

3         80.    Mr. Mascott filed the Complaint on February 2, 2016.

4         81.    Two days later, on February 4, 2016, Mr. Mascott filed a Stipulation for

5    Final Judgment and Permanent Injunction with the Superior Court. (*See* **Exhibit 6**.)

6         82.    Having obtained a stipulated injunction from the Court, the

7    conspirators then approached various search engines including, on information

8    and belief, Google, Yahoo!, and Bing and requested that those search engines

9    deindex the pages of pissedconsumer.com.  Instead of limiting the deindexing to

10   the pages that contained statements Morean claimed to have posted, the

11   request to deindex included all web pages with entries about Newlin.

12        83.    By engaging in this scheme, Defendant Conspirators obtained a

13   court order under false pretenses and used the court order to persuade popular

14   search engines to deindex every statement about Newlin, including the First

15   Amendment protected statements of opinion and true fact posted by other

16   individuals who were not a party to the underlying action

17                              **The Stroman Case**

18        84.    RepDefense Solutions, Inc. filed a bogus complaint against Demoin

19   Stroman III in California Superior Court for Contra Costa County, claiming that

20   Stroman had posted defamatory statements about RepDefense/

21   ReputationDefender on a consumer gripe website operated by Plaintiff

22   Consumer Opinion LLC.   (*See* case file in *RepDefense Solutions, Inc. v. Stroman*,

23   Case No. C16-00205 (hereinafter referred to as the "Stroman Case"), attached

24   hereto as **Exhibit 7**.)

25        85.    In reality, the statements at issue regarded only ReputationDefender,

26   a Delaware business operating in California that offers "reputation management"

27   services.

- 17 -

RANDAZZA | LEGAL GROUP

86.     RepDefense and Stroman understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, ReputationDefender conspired with RepDefense and Stroman to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction.  According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about ReputationDefender.

87.     Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of RepDefense, Stroman, and Owen T. Mascott to bring the plan to fruition.

88.     Since March 2010, seven individuals have posted complaints about ReputationDefender on pissedconsumer.com.  Additionally, 13 comments have been posted in response to those complaints.  The vast majority of these reviews are negative.

89.     Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Stroman, Mr. Mascott filed a complaint on behalf of RepDefense against Stroman for defamation.  (*See* **Exhibit 7**.)

90.     In the underlying action the conspirators sought *only* injunctive relief. Specifically, the complaint requested an injunction that Morean be "ordered to take all action, including but not limited to, requesting removal from the Internet search engines including Google, Yahoo!, and Bing of all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendant has posted on the Internet." (**Exhibit 7**.)

91.     Mr. Mascott filed the Complaint on February 2, 2016.

COMPLAINT

92.    Two days later, on February 4, 2016, Mr. Mascott acquired a jurat from Stroman admitting to all the allegations in the complaint, and received a Final Judgment and Permanent Injunction on February 10, 2016. (*See* **Exhibit 7**.)

93.    Having obtained a stipulated injunction from the Court, the conspirators then approached various search engines including, on information and belief, Google, Yahoo!, and Bing and requested that those search engines deindex the pages of pissedconsumer.com.  Instead of limiting the deindexing to the pages that contained statements Stroman claimed to have posted, the request to deindex included all web pages with entries about ReputationDefender.

94.    By engaging in this scheme, Defendant Conspirators obtained a court order under false pretenses and used the court order to persuade popular search engines to deindex every statement about ReputationDefender, including the First Amendment protected statements of opinion and true fact posted by other individuals who were not a party to the underlying action

**The Lebron Case**

95.    Majestic Vacations, LLC filed a bogus complaint against Angelica Lebron in California Superior Court for Contra Costa County, claiming that Lebron had posted defamatory statements about Majestic Vacations/Bluegreen Corporation on a consumer gripe website operated by Plaintiff Consumer Opinion LLC.   (*See* case file in *Majestic Vacations, LLC v. Angelica Lebron*, Case No. C16-00319 (hereinafter referred to as the "Lebron Case"), attached hereto as **Exhibit 8**.)

96.    In reality, the statements at issue regarded only Bluegreen Resorts, a name under which Defendant Bluegreen Corporation provides hospitality services.

97.     Majestic Vacations and Bluegreen understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, Bluegreen conspired with Majestic Vacations to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction.  According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about Bluegreen.

98.     Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of Majestic Vacations, Lebron, and Mark W. Lapham to bring the plan to fruition.

99.     707 individuals have posted complaints about Bluegreen on pissedconsumer.com.  Additionally, numerous comments have been posted in response to those complaints.  The majority of these reviews are negative.

100.   Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Lebron, Mr. Lapham filed a complaint on behalf of Majestic Vacations against Lebron for defamation.  (*See* **Exhibit 8**.)

101.    In the underlying action the conspirators sought *only* injunctive relief.  Specifically, the complaint requested an injunction that Lebron be "ordered to take all action, including but not limited to, requesting removal from the Internet search engines including Google, Yahoo!, and Bing of all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendant has posted on the Internet." (**Exhibit 8**.)

102.   Mr. Lapham filed the Complaint on February 22, 2016.

COMPLAINT

103.   On March 2, 2016, Mr. Lapham filed a Stipulation for Final Judgment and Permanent Injunction with the Superior Court.

104.   Having obtained a stipulated injunction from the Court, the conspirators then approached various search engines including, on information and belief, Google, Yahoo!, and Bing and requested that those search engines deindex the pages of pissedconsumer.com.  Instead of limiting the deindexing to the pages that contained statements Lebron claimed to have posted, the request to deindex included all web pages with entries about Bluegreen.

105.   By engaging in this scheme, Defendant Conspirators obtained a court order under false pretenses and used the court order to persuade popular search engines to deindex every statement about Bluegreen, including the First Amendment protected statements of opinion and true fact posted by other individuals who were not a party to the underlying action

### The Martin Case

106.   A&D International filed a bogus complaint against Tarra Martin in California Superior Court for Contra Costa County, claiming that Martin had posted defamatory statements about A&D/Agora Financial, LLC on a consumer gripe website operated by Plaintiff Consumer Opinion LLC.  (*See* case file in *A&D International v. Martin*, Case No. C16-00353 (hereinafter referred to as the "Martin Case"), attached hereto as **Exhibit 9**.)

107.   In reality, the statements at issue regarded only Agora Financial, a financial services company in Maryland.

108.   A&D and Agora understood that Plaintiff would resist requests to have the statements removed, especially statements that had not been adjudicated to be defamatory.  Therefore, instead of seeking removal of the statements, Agora conspired with A&D and Martin to file a sham lawsuit for the sole purpose of entering a stipulated judgment and permanent injunction.

RANDAZZA | LEGAL GROUP

According to the scheme, the conspirators then delivered a copy of the stipulated judgment to Google and other search engines demanding that they deindex all negative reviews about Agora.

109.   Plaintiff is informed and believes and based thereon alleges that Defendant Doe Corporation, operating as a reputation management company, conceived of the plan and organized the cooperation of A&D, Martin, and Mark W. Lapham to bring the plan to fruition.

110.   Since October 2010, 68 individuals have posted complaints about Agora on pissedconsumer.com.  Additionally, numerous comments have been posted in response to those complaints.  The vast majority of these reviews are negative.

111.   Plaintiff is informed and believes and based thereon alleges that at the bequest of Defendant Doe Corporation and with the full cooperation of Defendant Martin, Mr. Lapham filed a complaint on behalf of A&D against Martin for defamation.  (*See* **Exhibit 9**.)

112.    In the underlying action the conspirators sought *only* injunctive relief. Specifically, the complaint requested an injunction that Morean be "ordered to take all action, including but not limited to, requesting removal from the Internet search engines including Google, Yahoo!, and Bing, of all defamatory, disparaging, libelous, and false statements about Plaintiff that Defendant has posted on the Internet." (**Exhibit 9**.)

113.   Lapham filed the Complaint on February 22, 2016.

114.   Three days later, on February 26, 2016, Mr. Mascott filed a Stipulation for Final Judgment and Permanent Injunction with the Superior Court.  (*See* **Exhibit 9**.)

115.   Having obtained a stipulated injunction from the Court, the conspirators then approached various search engines including, on information

and belief, Google, Yahoo!, and Bing and requested that those search engines deindex the pages of pissedconsumer.com.  Instead of limiting the deindexing to the pages that contained statements Martin claimed to have posted, the request to deindex included all web pages with entries about Agora.

116.   By engaging in this scheme, Defendant Conspirators obtained a court order under false pretenses and used the court order to persuade popular search engines to deindex every statement about Agora, including the First Amendment protected statements of opinion and true fact posted by other individuals who were not a party to the underlying action

## FIRST CLAIM FOR RELIEF
### Unlawful, Unfair, and Fraudulent Business Practice under
### California Business and Professions Code § 17200
### (Against All Defendants)

117.   Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth herein, in support of this claim.

118.   The acts and conduct of Defendants, and each of them as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Business and Professions Code § 17200 et seq.

119.   Defendants' acts of unlawful, unfair, and fraudulent competition have caused harm to competition, to consumers, to the competitors of the business defendants, and to Plaintiff.

120.   Defendants' acts of unlawful, unfair, and fraudulent competition have proximately caused Plaintiff to suffer injury in fact and loss of money and/or property (including as a result of expenses that Plaintiff has and will incur in its

efforts to prevent and deter Defendants from engaging in unlawful conduct) in an amount to be proven at trial.

121.   Defendants' acts of unlawful, unfair, and fraudulent competition have also caused irreparable and incalculable injury to Plaintiff, its business, and its good will, and unless enjoined, could cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Abuse of Process
### (Against All Defendants)

122.   Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth herein, in support of this claim.

123.   Acting in concert, Defendants, and each of them, filed the Mattos Case, the Radonich Case, the Morean Case, the Stroman Case, the Lebron Case, and the Martin Case in the Superior Court of the State of California for the County of Contra Costa.

124.   Defendants did not file the above described actions for the purpose of determining the liability of the Stooge Defendnats or assessing an amount of damages.   Rather, the Defendants filed the complaints for the purpose of obtaining a court order to serve on third party search engines such as Google in order to persuade those search engines to deindex portions of Plaintiff's website. Defendants filed the actions to avoid the adversarial process ordinarily involved in litigation.

125.   As a result of Defendants' unlawful acts, Plaintiff Consumer Opinion LLC was damaged.  Specifically, for a time when individuals searched for information about the beneficiaries of the fake lawsuits, search engines no longer produced any results indicating that consumers had posted information about

COMPLAINT

the beneficiaries on the pissedconsumer.com website.  Those consumers did not proceed to pissedconsumer.com and did not learn of the negative reviews.

126.   Defendants' conduct as described herein was a substantial factor in causing harm to Plaintiff.

### THIRD CLAIM FOR RELIEF
### CIVIL CONSPIRACY
### (Against All Defendants)

127. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth herein, in support of this claim.

128. Defendants, and each of them, conspired, confederated, and colluded with the other defendants to engage in the above described scheme which constitutes a fraudulent and unfair business practice and an abuse of legal process to Defendants' economic benefit and Plaintiff's economic harm.

129. Defendants, and each of them took affirmative steps to advance the conspiracy by taking part in the fraudulent litigation designed to have complaints deindexed.

130. Plaintiff is informed and believes and based thereon alleges that Defendants Doe Corporations conceived and organized the scheme to file bogus legal actions in order to obtain an injunction designed to deceive search engines and trick them into deindexing pages of pissedconsumer.com webpages containing legitimate consumer reviews.  Defendants Doe Corporations engaged in these actions with full knowledge that those actions and the actions of its fellow conspirators would cause harm to Plaintiff.

131. Plaintiff is informed and believes and based there on alleges that Defendants ZCS, Inc.; Hair Solutions, Inc.; ADN, LLC; Repdefense Solutions, Inc.; Majestive Vacations, LLC; and A&D International, LLC, stood in the place of the

actual targets of the reviews in question in the fake lawsuits and the actual beneficiaries of them.  They did so for financial gain, knowing that they were abusing the legal process.  Filing Defendants engaged in these actions with full knowledge that their actions and the actions of their fellow conspirators would cause harm to Plaintiff.

132.  Plaintiff is informed and believes and based there on alleges that Stooge Defendants stood in the place of one or more individuals who actually posted comments claimed to be defamatory in the underlying litigation.  Stooge Defendants participated in the plan and allowed the underlying action to be filed even though they had already agreed to settle any claims against them.  They did so to advance their own pecuniary interests and with the full knowledge that their actions and the actions of their fellow conspirators would cause harm to Plaintiff.

133.  Plaintiff is informed and believes and based thereon alleges that Defendant Mark W. Lapham filed the Mattos Case, the Lebron Case, and the Martin Case, while Defendant Owen T. Mascott filed the Radonich Case, the Morean Case, and the Stroman Case, knowing that these actions were shams, that the real parties had already resolved any actual disputes, and that the lawsuits were being filed solely for the purpose of obtaining court orders to deliver to search engines in order to deceive them into deindexing legitimate consumer reviews residing on pissedconsumer.com.  They did so to advance their own pecuniary interests and with the full knowledge that their actions and the actions of their fellow conspirators would cause harm to Plaintiff.

134.  Accordingly, all Defendants are jointly and severally liable for the actions of their co-conspirators.

. . .

. . .

COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1) General damages based on Defendants' conduct as alleged herein in an amount to be determined at trial;

2) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts in an amount to be determined at trial;

3) Prejudgment and post-judgment interest at the rate allowed by law;

4) Reasonable attorney's fees and expenses of litigation;

5) Injunctive relief prohibiting Defendants from continuing to engage in unlawful, unfair, and/or fraudulent business acts or practices and abuse of process as described above in this Complaint; and

6) All other relief to which Plaintiff may be entitled.

Dated: October 21, 2016.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
D. Gill Sperlein
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC

*Attorneys for Plaintiff*
*Consumer Opinion LLC*

COMPLAINT