Mark W. Lapham,
751 Diablo Rd.
Danville, CA 94526
Tel: (925) 837-9007
Fax: (925) 406-1616

Attorney for Defendant, In Pro Se
MARK W. LAPHAM

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CONSUMER OPINION LLC, a Nevada limited liability company, Plaintiff, v. | Case No.: 3:16-cv-06105-SI |
| ZCS, Inc., a California corporation; HAIR SOLUTIONS, INC., a California corporation; ATLANTIC COAST MEDIA, LLC, a New Jersey limited liability company; ADN, LLC, an entity of unknown origin; DAN NEWLIN, an individual; REPDEFENSE SOLUTIONS, INC., a California corporation; REPUTATIONDEFENDER, a Delaware corporation; MAJESTIC VACATIONS, LLC, an entity of unknown origin; BLUEGREEN CORPORATION, a Florida corporation; A&D INTERNATIONAL, LLC, a California limited liability company; AGORA FINANCIAL, LLC, a Maryland limited liability company; COLLINS MATTOS, an individual; JOHN RADONICH, an individual; NICHOLAS MOREAN, an individual; DEMOIN STROMAN III, an individual; ANGELICA LEBRON, an individual; TARRA MARTIN, an individual; | **DEFENDANT MARK W. LAPHAM'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF CONSUMER OPINION, LLC'S COMPLAINT, PURSUANT TO FED. R. CIV. PROC. 12(B)(1), AND FED. R. CIV. PROC. 12(B)(6) ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:** February 24, 2017 <br> **Time:** 9:00 A.M. <br> **Courtroom:** 1, 17th Floor <br> **Judge:** Hon. Susan Illston <br><br> **Action Filed:** October 21, 2016 <br> **Trial Date:** Not Yet Set |

MARK W. LAPHAM, ESQ., an individual;
OWEN T. MASCOTT, ESQ., an individual;
and DOE CORPORATIONS,

Defendants.

**TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on February 24, 2017 at 9:00 A.M., or as soon thereafter as the matter may be heard before the Honorable Susan Illston of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102. Defendant MARK W. LAPHAM ("LAPHAM") will, and hereby does, move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) and Federal Rule of Civil Procedure 8 for an order dismissing with prejudice the Complaint of Plaintiff CONSUMER OPINION LLC, a Nevada limited liability company ("Plaintiff") on the ground that this Court lacks subject matter jurisdiction as to all three counts, or on the ground that all of Plaintiff's counts fail to state a claim.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of MARK W. LAPHAM and such other oral and documentary evidence as may be presented prior to or at the time of the hearing on this matter.

DATED: December 24, 2016                    MARK W. LAPHAM

                                            By: /s/ Mark W. Lapham
                                            MARK W. LAPHAM, In Pro Se
                                            Attorney for Defendant
                                            MARK W. LAPHAM

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  A.     Plaintiff's Entire Complaint Should Be Dismissed Based Upon Lack of Jurisdiction and Lack of Standing. . . . . . 1

  1.     The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(1) Because the Court Lacks Subject Matter

Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  a.     Plaintiff's Case Lacks Complete Diversity Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

  i.     "Doe Corporations" Defendants Destroy Diversity Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

  2.     Plaintiff Has Failed To Demonstrate Plausibility That Damages Exceed $75,000, Which Destroys Diversity

Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

  3.     Plaintiff's Complaint Should Be Dismissed Because Plaintiff Lacks Standing. . . . . . . . . . . . . . . . . . . . 4

  4.     Plaintiff's Complaint Should Be Dismissed Against Defendant Because of the Litigation Privilege Bars All of

Plaintiff's Claims Against Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.    Plaintiff's Complaint Should Be Dismissed Because Plaintiff's Complaint Fails To State A Claim Upon Which Relief

Can Be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  1.     Plaintiff's Abuse of Process Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be

Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

  a.     Defendant Did Not Entertain An Ulterior Motive Un Using the Judicial Process . . . . . . . . . . . . . . . . . . . 10

  b.     Plaintiff's Civil Conspiracy Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be

Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

  c.     Plaintiff's Abuse of Process Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be

Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

  d.     Plaintiff's Complaint Should Be Dismissed With Prejudice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IV.   CONCLUSION ................................................................. 15

# **TABLE OF AUTHORITIES**

Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*

7 Cal.4th 503, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994) ........................................ 11

*Aron,*

143 Cal.App.4th, 49 Cal.Rptr.3d 555 ............................................................ 5

*Ashcroft v. Iqbal,*

556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ........................................ 10

*Aubry v. Tri–City Hospital Dist.,*

(1992) 2 Cal.4th 962, 9 Cal.Rptr.2d 92, 831 P.2d 317 ........................................ 14

*Baker Driveaway Co., Inc. v. Bankhead Enterprises,*

(E.D.Mich.1979) 478 F.Supp. 857 ............................................................ 13

*Balistreri v. Pacifica Police Dept.,*

901 F.2d 696 (9th Cir.1988) ................................................................ 9

*Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................ 10

*Bertero v. National General Corp.,*

(1974) 13 Cal.3d 43, 118 Cal.Rptr. 184, 529 P.2d 608 ........................................ 13

*Bickel v. Mackie,*

(N.D.Iowa 1978) 447 F.Supp. 1376 ............................................................ 13

*Bird v. Rothman,*

(1981) 128 Ariz. 599, 627 P.2d 1097 ........................................................ 13

*Brody v. Ruby,*

(Iowa 1978) 267 N.W.2d 902 .................................................................. 13

*Brownfield,*

2009 WL 1953035 ............................................................................. 6

*Bull v. McCuskey*,
  (1980) 96 Nev. 706, 615 P.2d 957 ............................................................................ 13

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336 (9th Cir.1996) ...................................................................................... 9

Camacho v. Auto. Club of S. California,
  142 Cal. App. 4th 1394, 48 Cal. Rptr. 3d 770 (2006) ............................................ 8

*Carroll v. Nakatani,*
  342 F.3d 934 (9th Cir.2003) .................................................................................... 5

*Christensen v. Younger*,
  (1975) 47 Cal.App.3d 613, 120 Cal.Rptr. 923 ...................................................... 13

Clark Equipment Co. V. Wheat,
  (1979) 92 Cal.App.3d 503 ...................................................................................... 11

Clark v. Countrywide Home Loans, Inc.,
  732 F. Supp. 2d 1038 (E.D. Cal. 2010) .................................................................. 8

*Contreras,*
  2010 WL 2528844 .................................................................................................... 5

*Doctors' Co. v. Superior Court*,
  (1989) 49 Cal.3d 39, 260 Cal.Rptr. 183, 775 P.2d 508 [hereafter *Doctors' Co.*] ...................... 12

*Drago v. Buonagurio*,
  (Sup.Ct.1977) 89 Misc.2d 171, 391 N.Y.S.2d 61 ................................................ 13

*Drasin v. Jacoby & Meyers,*
  *supra,* 150 Cal.App.3d 481, 197 Cal.Rptr. 768 .................................................... 13

*Farmers Gin Company v. Ward,*
  (1964) 73 N.M. 405, 389 P.2d 9 ............................................................................ 13

*Fifty Assoc. v. Prudential Ins. Co. of America*,
  446 F.2d 1187 (9th Cir. 1970) ................................................................................ 3

*Flores v. Emerich & Fike,*
  416 F.Supp.2d 885 (E.D.Cal.2006) ...................................................................... 12

*Friedman v. Stadum*,

(1985) 171 Cal.App.3d 775, 217 Cal.Rptr. 585 ................................................... 13

*Friends of the Earth, Inc. v.* Laidlaw Environmental *1228 Services (TOC), Inc.*,

528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ........................................ 5

*Garter-Bare Co. v. Munsingwear, Inc.*,

650 F.2d 975 (9th Cir. 1980) ................................................................................. 3

Ideal Elec. Co. v. Flowserve Corp.,

230 F.R.D. 603 (D. Nev. 2005) ............................................................................. 8

In re Ford Motor Co./Citibank (S. Dakota), N.A.,

264 F.3d 952 (9th Cir. 2001) ................................................................................. 4

*In re Tobacco II Cases*,

46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) ..................................... 7

*Kokkonen v. Guardian Life Ins. Co.*,

511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ...................................... 2

*Lazar v. Superior Court*,

(1996) 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981 ................................. 15

*Leslie v. Long Beach Genetics, Inc.*,

(March 21, 2014) 224 Cal.App.4th 1263 ............................................................... 8

*Lujan v. Defenders of Wildlife*,

504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ...................................... 5

*Martin v. Trevino*,

(Tex.Civ.App.1978) 578 S.W.2d 763 .................................................................. 13

*Martorana v. Marlin & Saltzman*,

(2009) 175 Cal.App.4th 685, 96 Cal.Rptr.3d 172 .............................................. 14

*Matheson v. Progressive Specialty Ins. Co.*,

319 F.3d 1089 (9th Cir. 2003) .......................................................................... 3, 4

*Meliezer *1227 v. Resolution Tru*st Co.*,

952 F.2d 879 (5th Cir.1992) .................................................................................. 2

*Mier v. Owens,*

   57 F.3d 747 (9th Cir.1995) ........................................................................... 9

*Molnar v. Nat'l. Broadcasting Co.,*

   231 F.2d 684 (9th Cir. 1956) ...................................................................... 3

*Moss v. United States Secret Service,*

   572 F.3d 962 (9th Cir.2009) ....................................................................... 10

*Ningbo Yonglin Light Industry Co., Ltd. v. Wham-O, Inc.,*

   2009 WL 2169707 (N.D. Cal. Jul. 17, 2009)................................................ 3

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.,*

   (Dec. 31, 1986) 42 Cal.3d 1157 ................................................................... 14

*Petrou v. Hale,*

   (1979) 43 N.C.App. 655, 260 S.E.2d 130.................................................... 13

*Pfizer Inc. v. Superior Court,*

   182 Cal.App.4th 622, 105 Cal.Rptr.3d 795 (2010)...................................... 7

Puentes v. Wells Fargo Home Mortg., Inc.,

   160 Cal. App. 4th 638, 72 Cal. Rptr. 3d 903 (2008)................................... 8

*Raines v. Byrd,*

   521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)............................. 4

*Resnik v. La Paz Guest Ranch,*

   289 F.2d 814 (9th Cir.1961) ........................................................................ 3

*Rilling v. Burlington Northern R.R. Co.,*

   909 F.2d 399 (9th Cir. 1990) ....................................................................... 2

Ritthaler v. IDS Prop. Cas. Ins. Co.,

   No. CV-07-1233-PHX-DGC, 2007 WL 2081479 (D. Ariz. July 20, 2007)............................ 3

Rusheen v. Cohen,

   (2006) 37 Cal, 4th 1048, 39 Cal. Rptr.3d 516 (Cal. Supreme Court)......................... 9

*Seidner v. 1551 Greenfield ***575 Owners Assn.,*

   (1980) 108 Cal.App.3d 895, 166 Cal.Rptr. 803................................................ 13

*Smelt v. County of Orange,*

 447 F.3d 673 (9th Cir.2006) ........................................................... 5

*State ex rel. Metz v. CCC Information Services, Inc.,*

 149 Cal.App.4th 402, 57 Cal.Rptr.3d 156 (2007)........................... 11

*Steel Co. v. Citizens for a Better Environment,*

 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)...................... 5

*Stenhouse v. Jacobson*,

 193 F. Supp. 694 (N.D. Cal. 1961) ................................................... 3

*Stock West, Inc. v. Confederated Tribes,*

 873 F.2d 1221 (9th Cir.1989) ........................................................... 2

Surber v. Reliance Nat. Indem. Co.,

 110 F. Supp. 2d 1227 (N.D. Cal. 2000) ............................................ 4

Templeton Feed & Grain v. Ralston Purina Co.,

 (1968) 69 Cal.2d 461, 72 Cal.Rptr. 344, 446 P.2d 152 .................. 10

*Thornhill Publishing Co. v. General Tel. & Electronics,*

 594 F.2d 730 (9th Cir.1979) ........................................................... 2

United States v. Chen,

 99 F.3d 1495 (9th Cir. 1996) ........................................................... 8

*Unruh v. Truck Insurance Exchange*,

 (1972) 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 ................ 12

*Vaillette v. Fireman's Fund Ins. Co.*,

 (1993) 18 Cal.App.4th 680, 22 Cal.Rptr.2d 807............................. 14

Valdez v. Allstate Ins. Co.,

 372 F.3d 1115 (9th Cir. 2004) ........................................................ 3

Walker v. USAA Cas. Ins. Co.,

 474 F. Supp. 2d 1168 (E.D. Cal. 2007)............................................ 7

*Warth v. Seldin,*

 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)....................... 5

*People v. Beaumont Inv., Ltd.,*

( ................................................................................................................. 11

*White v. Lee,*

227 F.3d 1214 (9th Cir.2000) ............................................................................ 2

Statutes

28 U.S.C. § 1332(a) ........................................................................................... 2

Cal. Bus. & Prof. Code § 17200 ....................................................................... 7

Cal. Civ.Code § 1714.10 ............................................................................ 12, 13

Cal. Civ.Code § 1714.10(b) .............................................................................. 12

Rules

FED. R. CIV. PROC. 12(B)(1) .............................................................. 1, i, 1, 2

FED. R. CIV. PROC. 12(B)(6) .............................................................................. 1

Federal Rule of Civil Procedure 8 ..................................................................... 2

Federal Rules of Civil Procedure 12(b)(1) and (b)(6) ...................................... 2

Other Authorities

Note, *Civil Conspiracy and Interference With Contractual Relations* (1975),

8 Loyola L.A.L.Rev. 302, fn. 28 [hereafter Note] .................................... 12

Rest.2d Torts, § 675 ......................................................................................... 14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

In this diversity action, plaintiff CONSUMER OPINION LLC, a Nevada limited liability company ("Plaintiff") asserts three claims against numerous named defendants, including MARK W. LAPHAM, and "DOE CORPORATIONS", all of which purportedly arise from controversies between various defendants and various other parties, *none* of which is said Plaintiff. Because it is well-settled that the inclusion of fictitiously named "Doe" defendants destroys diversity of citizenship, this Court lacks subject matter jurisdiction over this matter and the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

In addition, Plaintiff's Complaint fails to state a claim for each and every count and should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to plead the required California elements for each count alleged.

In short, Plaintiff filing of said action is nothing more than a "shakedown" of all named defendants, in an attempt to gain settlements from defendants in order for defendants to avoid the costs of litigating meritless claims.

### II.   ARGUMENT

**A.  Plaintiff's Entire Complaint Should Be Dismissed Based Upon Lack of Jurisdiction and Lack of Standing.**

**1.  The Court Should Dismiss the Complaint Pursuant to Rule 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction.**

**Legal Standard Governing Motions To Dismiss Under Rule 12(b)(1)**

A party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *See White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"); *Thornhill Publishing Co. v. General Tel. & Electronics,* 594 F.2d 730, 733 (9th Cir.1979) (facial attack); *Meliezer *1227 v. Resolution Trust Co.,* 952 F.2d 879, 881 (5th Cir.1992) (challenge based on extrinsic evidence). Whatever the nature of the challenge, plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989).

It is presumed that a federal court does not have jurisdiction to hear a particular matter, and the burden is on the plaintiff insisting that the court has jurisdiction to establish the contrary. *Kokkonnen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). For purposes of diversity jurisdiction, a complaint must allege both (1) diversity of citizenship and (2) the proper amount in controversy. *Rilling v. Burlington Northern R.R. Co.*, 909 F.2d 399, 400-401 (9th Cir. 1990).

### a.  Plaintiff's Case Lacks Complete Diversity Jurisdiction.

i.   "Doe Corporations" Defendants Destroy Diversity Jurisdiction

Plaintiff does not allege facts sufficient to establish that there is complete diversity of citizenship. Diversity jurisdiction exists where the matter is between "citizens of different states." 28 U.S.C. § 1332(a). Plaintiff has included "DOE CORPORATIONS" as defendants, but makes no allegations as to the citizenship of the DOE CORPORATIONS, other than a

Conclusory statement which was not supported by any facts, that "Plaintiff is informed and

believes and based thereon alleges that Defendant Doe Corporations are residents of the State of

California.". Complaint ¶33. It is a well-settled rule in the Ninth Circuit that the inclusion of

"Does" in a complaint destroys diversity jurisdiction, and that a complaint may be properly

dismissed if only for this reason. *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th

Cir. 1980); *accord Fifty Assoc. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1191 (9th Cir.

1970); *Molnar v. Nat'l. Broadcasting Co.*, 231 F.2d 684, 686-687 (9th Cir. 1956); *Ningbo

Yonglin Light Industry Co., Ltd. v. Wham-O, Inc.*, 2009 WL 2169707, *1 (N.D. Cal. Jul. 17,

2009) (emphasis added) ("**the Court at the outset notes that the inclusion of a 'Doe'

defendant 'destroys' diversity jurisdiction**"); *Stenhouse v. Jacobson*, 193 F. Supp. 694, 696-

97 (N.D. Cal. 1961) ("[I]f plaintiff desires to joint fictitious parties ... he must not only plead,

affirmatively, but he must prove, affirmatively, the citizenship of such defendants").

    Thus, the Court's jurisdiction is defeated on this basis alone, and Plaintiff's Complaint

should be dismissed.

### 2.     Plaintiff Has Failed To Demonstrate Plausibility That Damages Exceed $75,000, Which Destroys Diversity Jurisdiction.

    The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz

Guest Ranch,* 289 F.2d 814, 819 (9th Cir.1961). The burden of proof standard is by a

preponderance of the evidence. <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115 (9th Cir. 2004). Mere

conclusory statements do not overcome the burden of proving by a preponderance of the

evidence that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty

Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003); <u>Ritthaler v. IDS Prop. Cas. Ins. Co.</u>, No. CV-07-1233-

PHX-DGC, 2007 WL 2081479 (D. Ariz. July 20, 2007). Plaintiff cannot meet its burden of

asserting diversity jurisdiction by merely alleging the amount in controversy exceeds $75,000. In re Ford Motor Co./Citibank (S. Dakota), N.A., 264 F.3d 952 (9th Cir. 2001); Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227 (N.D. Cal. 2000).

Here, Plaintiffs asserts in its conclusory statement that "the amount in controversy exceeds $75,000." [Complaint; ¶ 32]. Paragraph 32 of Plaintiff's Complaint is the only area whereby Plaintiff asserts that the amount in controversy exceeds $75,000.00. However, conclusory allegations as to the amount in controversy are insufficient to satisfy amount in controversy requirement for diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003).

Because Plaintiff has failed to plead anything more than a conclusory statement that the amount in controversy exceeds $75,000.00, Plaintiff has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. As such, this Court lacks subject matter jurisdiction, based upon diversity jurisdiction.

Therefore, this Court should dismiss Plaintiff's case.

**3. Plaintiff's Complaint Should Be Dismissed Because Plaintiff Lacks Standing.**

The standing doctrine ensures that a litigant is the proper party to bring an action by asking if that litigant has a sufficient stake in the matter to invoke federal judicial process. To establish Article III standing, "a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd,* 521 U.S. 811, 819, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). The plaintiff has the burden "of establishing the three elements of Article III standing: (1) that plaintiff [ ] ... suffered an injury in fact that was concrete and particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged conduct; and (3) that the injury was likely to be

redressed by a favorable court decision." *Levine v. Vilsack,* 587 F.3d32 986, 991–992 (9th Cir.2009). Each of these elements "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). See also *Friends of the Earth, Inc. v. Laidlaw Environmental *1228 Services (TOC), Inc.,* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (explaining that to satisfy the standing requirements of Article III, a plaintiff must show, *inter alia,* that it has suffered "an 'injury in fact' that is ... concrete and particularized and ... not conjectural or hypothetical"); *Smelt v. County of Orange,* 447 F.3d 673, 682 (9th Cir.2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it"); *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir.2003) ("The party invoking federal jurisdiction, not the district court, bears the burden of establishing Article III standing"). See also *Warth v. Seldin,* 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ( "It is the responsibility of the complainant [at the pleadings stage] clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers").

In addition to the " 'irreducible constitutional minimum of standing,' " *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102–03, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130), Plaintiff must satisfy particular requirements to assert a claim under the UCL. "To establish standing under the Section 17200 claim, Plaintiffs must show they suffered an injury in fact and have lost money or property as a result of the alleged unfair competition." *Contreras,* 2010 WL 2528844 at *4 (citing *Aron,* 143

Cal.App.4th at 802, 49 Cal.Rptr.3d 555); see also *Brownfield,* 2009 WL 1953035 at *3 ("The UCL ... contain[s] specific standing requirements.

Here, Plaintiff's complaint fails to establish that it has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to Plaintiff.

In addition, Plaintiff's alleged harm is speculative at best. Plaintiff asserts in its Complaint "Like most websites, the profitability of pissedconsumer.com is directly tied to the amount of traffic the website receives." [Complaint; ¶ 16] However, internet traffic on websites do not equate to anything more than mere speculation as to how said traffic, or lack thereof, resulting from any conduct alleged against Defendant by Plaintiff, is quantified as a harm. Instead, Plaintiff alleges that Defendant's actions "caused further long term damage to pissedconsumer.com by limiting the usefulness of the website to obtain information about individuals and companies providing goods and services to the consuming public." [Complaint; ¶ 48]. Thus, by Plaintiff's own assertions, though vague, speculative and baseless at best, Plaintiff alleges that the "usefulness" of its website is to obtain information about individuals and companies…" Nowhere has Plaintiff alleged how *Plaintiff* is harmed by a limiting of the usefulness to consumers in obtaining information on individuals and companies on Plaintiff's website.

Thus, Plaintiff has not adequately demonstrated or alleged that the alleged injury in fact that was concrete and particularized to Plaintiff and actual or imminent. Secondly, Plaintiff has not demonstrated that the injury (as vague as it is, if there is any injury) is fairly traceable to the challenged conduct of Defendant as legal Counsel for other listed Defendants. Thirdly, Plaintiff has failed to demonstrate how Plaintiff's perceived injury was likely to be redressed by a

favorable court decision by this Court for the basic premise that Plaintiff has not clearly defined the harm it alleges it is suffering or suffer from in the future if such conduct was not enjoined.

To prevail on a UCL claim, specifically, a plaintiff must plead and prove "injury in fact." Where such a claim is premised on allegedly misleading communications, California courts require evidence of *reliance* before they will find that causation and "injury in fact" have been proved. See *In re Tobacco II Cases,* 46 Cal.4th 298, 326, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) (holding that a consumer suing a business under the "fraud" prong of the UCL must show actual reliance on the alleged misrepresentation, rather than a mere factual nexus between the business's conduct and the consumer's injury); *Pfizer Inc. v. Superior Court,* 182 Cal.App.4th 622, 630, 105 Cal.Rptr.3d 795 (2010) (analyzing the impact of Proposition 64 on UCL claims and noting that a plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate *actual reliance* on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions").

Here, Plaintiff's first claim for relief for Unlawful, Unfair and Fraudulent Business Practices under Cal. Bus. & Prof. Code § 17200 fails to plead injury in fact specific to Defendant.

Secondly, Plaintiff fails to show actual reliance on the alleged misrepresentation and/or conduct of Defendant.

Thirdly, Cal. Bus, & Prof. Code § 17200 requires an independent Count to survive in order to succeed on this Count because Cal. Bus, & Prof. Code § 17200 must be tethered to another claim as it is not a stand-alone cause of claim. Walker v. USAA Cas. Ins. Co., 474 F. Supp. 2d 1168 (E.D. Cal. 2007), aff'd sub nom. Walker v. Geico Gen. Ins. Co., 558 F.3d 1025

(9th Cir. 2009); Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 72 Cal. Rptr. 3d 903 (2008); Clark v. Countrywide Home Loans, Inc., 732 F. Supp. 2d 1038 (E.D. Cal. 2010); Camacho v. Auto. Club of S. California, 142 Cal. App. 4th 1394, 48 Cal. Rptr. 3d 770 (2006). Such is not the case here.

Therefore, for the aforementioned reasons, Plaintiff's case should be dismissed with prejudice for lack of standing.

### 4. Plaintiff's Complaint Should Be Dismissed Against Defendant Because of the Litigation Privilege Bars All of Plaintiff's Claims Against Defendant.

The litigation privilege is absolute and broadly applied regardless of malice. Its purposes are to "afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments and to avoid unending litigation." It also promotes effective judicial proceedings by encouraging full communication with the courts. Accordingly, doubts as to whether the privilege applies are resolved in its favor. *Leslie v. Long Beach Genetics, Inc.* (March 21, 2014) 224 Cal.App.4th 1263.

When considering whether the privilege applies, the threshold issue is whether the action seeks to litigate the defendant's conduct that was communicative and thus privileged or conduct that was non-communicative and thus actionable. The attorney-client privilege applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation.  United States v. Chen, 99 F.3d 1495 (9th Cir. 1996); Ideal Elec. Co. v. Flowserve Corp., 230 F.R.D. 603 (D. Nev. 2005)

Plaintiff's claim is barred by the litigation privilege, set forth in <u>Civil Code section 47</u>, subdivision (b), which holds as privileged statements made in any "judicial proceeding."

Here, Defendant's sole alleged role relating to Plaintiff's case at bar is that of acting as legal counsel for certain listed defendants, albeit in a very limited scope, representing defendants in litigation. Thus, all actions of Defendant, on behalf of his clients, which are listed defendants in this case, consisted of statements made in a judicial proceeding, from counseling in anticipation of litigation, to filing complaints, to entering into a stipulated judgment and to litigating the actual cases. <u>See Rusheen v. Cohen</u>, (2006) 37 Cal, 4th 1048, 39 Cal. Rptr.3d 516 (Cal. Supreme Court).

Therefore, because the litigation privilege applies to Defendant in his capacity as counsel for his clients (which are listed as defendants in this case), said litigation privilege acts as a complete bar from Plaintiff's case against Defendant.

Therefore, this Court must dismiss Plaintiff's case with prejudice against Defendant in its entirety.

### III.   Plaintiff's Complaint Should Be Dismissed Because Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

**Standard Governing Motions to Dismiss Under 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996); *Mier v. Owens,* 57 F.3d 747, 750 (9th Cir.1995).

The court need not, however, accept as true unreasonable inferences or legal conclusions cast in the form of factual allegations. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ...

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if *1232 doubtful in fact)" (citations omitted)); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly* ).

## 1. Plaintiff's Abuse of Process Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be Dismissed.

To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner. (See *Templeton Feed & Grain v. Ralston Purina Co.* (1968) <u>69 Cal.2d 461, 466, 72 Cal.Rptr. 344, 446 P.2d 152; 5 Witkin,</u> Cal.Procedure (3d ed. 1985) Pleading, § 709, p. 158.)

### a. Defendant Did Not Entertain An Ulterior Motive Un Using the Judicial Process

Here, Plaintiff fails to demonstrate how Defendant's conduct of instituting civil lawsuits to obtain judgments constitutes an abuse of process. Specifically, Plaintiff has failed to show how Defendant's conduct in representing clients precisely for a proper purpose; i.e., to help his clients pursue the judicial process in order to have defamatory statements, which were published

online on various internet service providers, deindexed from various websites and removed from the Internet is an improper purpose.

"While a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action of malicious prosecution, the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action." JSJ Limited Partnership v. Mehrban (2012) 205. Cal.App.4th 1512, 1523; Clark Equipment Co. V. Wheat (1979) 92 Cal.App.3d 503 ("there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.").

Thus, Defendant did not have an ulterior motive in using the judicial process.

**b. Plaintiff's Civil Conspiracy Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be Dismissed.**

Under California law, civil conspiracy is not itself a separate cause of action. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). Rather, it is a theory of vicarious liability under which certain defendants may be held liable for torts committed by others. *Id.*

In order to invoke such theory of liability, a plaintiff must allege the formation of the conspiracy (an agreement to commit wrongful acts), the operation of the conspiracy (commission of the wrong acts), and the damage resulting from such acts. *See State ex rel. Metz v. CCC Information Services, Inc.,* 149 Cal.App.4th 402, 419, 57 Cal.Rptr.3d 156 (2007); *People v. Beaumont Inv., Ltd. ("Beaumont"),* 111 Cal.App.4th 102, 137, 3 Cal.Rptr.3d 429 (2003). In addition, participants in a conspiracy also must know that their conduct is wrongful. *Beaumont,* 111 Cal.App.4th at 137, 3 Cal.Rptr.3d 429.

California "gatekeeper" statutes limit the pleadability of, *inter alia,* certain civil conspiracy claims by requiring court approval before such claims may be filed. One such statute—California Civil Code § Section 1714.10—requires a plaintiff to obtain a court order prior to filing any cause of action against an attorney for a civil conspiracy with his client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client. *See* Cal. Civ.Code § 1714.10; *Flores v. Emerich & Fike,* 416 F.Supp.2d 885, 909 (E.D.Cal.2006). Failure to obtain such an order is a defense to any action for civil conspiracy filed in violation of such statute. Cal. Civ.Code § 1714.10(b).

Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort.

"A civil conspiracy, however atrocious, does not give rise to a cause of action unless a civil wrong has been committed resulting in damage." (*Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44, 260 Cal.Rptr. 183, 775 P.2d 508 [hereafter *Doctors' Co.*], citing *Unruh v. Truck Insurance Exchange* (1972) 7 Cal.3d 616, 631, 102 Cal.Rptr. 815, 498 P.2d 1063.) "A bare agreement among two or more persons to harm a third person cannot injure the latter unless and until acts are actually performed pursuant to the agreement. Therefore, it is the acts done and not the conspiracy to do them which should be regarded as the essence of the civil action." (Note, *Civil Conspiracy and Interference With Contractual Relations* (1975) 8 Loyola L.A.L.Rev. 302, 308, fn. 28 [hereafter Note].)

"A conspiracy cannot be alleged as a tort separate from the underlying wrong it is organized to achieve. [Citation.] As long as the underlying wrongs are subject to privilege, defendants cannot be held liable for a conspiracy to commit those wrongs. Acting in concert does not destroy the immunity of defendants." (*Ibid.*)

California Civil Code Section 1714.10 establishes special procedural requirements that must be satisfied before certain types of claims can be asserted against an attorney based on an alleged conspiracy between the attorney and his or her client.

### c. Plaintiff's Abuse of Process Count Fails To State A Claim Upon Which Relief Can Be Granted and Should Be Dismissed.

The relevant California authorities establish that;

> "**while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action**. (See, e.g., *Friedman v. Stadum* (1985) 171 Cal.App.3d 775, 779–780, 217 Cal.Rptr. 585; *Drasin v. Jacoby & Meyers, supra,* 150 Cal.App.3d 481, 485, 197 Cal.Rptr. 768; *Seidner v. 1551 Greenfield ***575 Owners Assn.* (1980) 108 Cal.App.3d 895, 904–905, 166 Cal.Rptr. 803; *Christensen v. Younger* (1975) 47 Cal.App.3d 613, 617, 120 Cal.Rptr. 923.) **The overwhelming majority of out-of-state precedents have reached the same conclusion**. (See, e.g., *Bird v. Rothman* (1981) 128 Ariz. 599, 627 P.2d 1097, 1100; *Brody v. Ruby* (Iowa 1978) 267 N.W.2d 902, 905; *Bickel v. Mackie* (N.D.Iowa 1978) 447 F.Supp. 1376, 1382–1383; *Baker Driveaway Co., Inc. v. Bankhead Enterprises* (E.D.Mich.1979) 478 F.Supp. 857, 860; *Farmers Gin Company v. Ward* (1964) 73 N.M. 405, 389 P.2d 9, 11–12; *Drago v. Buonagurio* (Sup.Ct.1977) 89 Misc.2d 171, 391 N.Y.S.2d 61, 62, *affd.* (1978) 46 N.Y.2d 778, 413 N.Y.S.2d 910, 386 N.E.2d 821; *Petrou v. Hale* (1979) 43 N.C.App. 655, 260 S.E.2d 130, 133–134; *Martin v. Trevino* (Tex.Civ.App.1978) 578 S.W.2d 763, 769; contra, *Bull v. McCuskey* (1980) 96 Nev. 706, 615 P.2d 957, 960.)

> The rationale underlying these decisions is not difficult to ascertain. The elements of the common law malicious-prosecution cause of action have evolved over time as an appropriate accommodation between the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation. In order to avoid an improper "chilling" of the right to seek redress in court, the common law provides that to prevail in a tort action for malicious prosecution a party must demonstrate "that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his ... favor ...; (2) was brought without probable cause ...; and (3) was initiated with malice...." (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50, 118 Cal.Rptr. 184, 529 P.2d 608 [citations omitted].) If, as Oren maintains, the filing of an action for an improper "ulterior" purpose were itself **1210 sufficient to give rise to an abuse of process action, the "lack-of-probable-cause" element of the

malicious prosecution tort would be completely negated; even if an individual could demonstrate that he had reasonable cause to believe that his initial lawsuit had merit when he filed the action, he would still face potential liability under an **\*1170** abuse of process theory. **Because the lack-of-probable-cause requirement in the malicious prosecution tort plays a crucial role in protecting the right to seek judicial relief (see Rest.2d Torts, § 675, coms. (c)–(j)), we agree with the prior decisions which have concluded that this element may not be circumvented through expansion of the abuse of process tort to encompass the alleged improper filing of a lawsuit.**

**Accordingly, since the gist of Oren's complaint was simply that defendants improperly instituted the CEQA action in the first place, we conclude that the complaint did not state a cause of action for abuse of process.**" *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* (Dec. 31, 1986) 42 Cal.3d 1157. [**Bold** Emphasis Added]

Here, as in Oren's case above, Plaintiff alleged a count of Abuse of Process, based upon the allegation that parties *other than Defendant* improperly instituted various judicial actions. However, Plaintiff did not allege a count for malicious prosecu

### d. Plaintiff's Complaint Should Be Dismissed With Prejudice.

"Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint." (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 970, 9 Cal.Rptr.2d 92, 831 P.2d 317.) However, if the plaintiff's causes of action is not viable, leave to amend should not be granted if there is no basis for the court to conclude further amendment would cure the defects. *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 697–698, 96 Cal.Rptr.3d 172; *Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685, 22 Cal.Rptr.2d 807 ["leave to amend should *not* be granted where ... amendment would be futile"]; see also *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081, 6 Cal.Rptr.3d 457, 79 P.3d 569 [leave to amend should be granted only when the plaintiff has demonstrated a "reasonable possibility" that he or she can amend any of her claims to state viable causes of action].)

Here, because fraud was the object of the conspiracy alleged by the Estate, the claim must be pleaded with specificity. (See *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 [" ' "particularity requirement necessitates pleading *facts* which show how, when, where, to whom, and by what means the representations were tendered" ' "].)

Though it is quite challenging to decipher from Plaintiff's rambling and vague allegations, mixed in with its conclusory statements in its Civil Conspiracy claim, Plaintiff *does*, in fact, state in its Civil Conspiracy count in its Complaint that;

"Defendants, and each of them, conspired, confederated, and colluded with the other defendants to engage in the above described scheme which constitutes a fraudulent and unfair business practice and an abuse of legal process to Defendants' economic benefit and Plaintiff's economic harm." [Complaint, ¶ 128] [Bold Emphasis Added]

However, Plaintiff has not alleged a count for Fraud, as a stand-alone claim. Thus, the only claim that appears to be even slightly tethered to a Civil Conspiracy theory is that of Abuse of Process, which, as Defendant has shown cannot be brought against him by Plaintiff.

Moreover, for the aforementioned reasons, Plaintiff lacks standing to bring its three claims to begin with, and Plaintiff's Complaint is so ambiguous as to which defendant did what, and how said action is a violation of the law, that it is inconceivable as to how amending its Complaint would cure these aforementioned defects.

## IV.    CONCLUSION

Because Plaintiff's Complaint includes an unknown amount of fictitiously named "DOE CORPORATIONS", this Court lacks subject matter jurisdiction over this matter and it should be dismissed.

Further, Plaintiff's Complaint fails to state a claim upon which relief may be granted, as set forth above.

Moreover, Plaintiff lacks standing to assert its claims against Defendant, and finally, Plaintiff is prohibited from litigating said case against Defendant based on the litigation privilege.

Accordingly, Defendant MARK W. LAPHAM respectfully requests that the Court grant his Motion in its entirety and dismiss Plaintiff's Complaint without leave to amend.

DATED: December 24, 2016

By: /s/ Mark W. Lapham
MARK W. LAPHAM
Attorney for Defendant, In Pro Se
MARK W. LAPHAM